Colleen A. Sorrell, Esq.
Charles D. Tobin, Esq. (*pro hac vice* pending)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
Tel.: (212) 513-3200
Fax: (212) 385-9010
Attorneys for American University

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ROSS WEIL and BRETT ROYCE,                    :
                                              :       Hon. Deborah A. Batts
                               Plaintiffs,    :
                                              :          07 Civ. 7748
        - against -                           :
                                              :
AMERICAN UNIVERSITY,                          :
                                              :
                               Defendant.     :
------------------------------------------------------------------- X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO DISMISS
# FOR LACK OF PERSONAL JURISDICTION
# UNDER RULE 12(b)(2), OR IN THE ALTERNATIVE
# TO TRANSFER VENUE UNDER 28 U.S.C. §1404 or §1406

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

UNDISPUTED FACTS RELEVANT TO JURISDICTION ......................................................... 2
   A.   The Parties ............................................................................................................ 2
   B.   The Complaint ...................................................................................................... 2

ARGUMENT ................................................................................................................ 3

POINT I:  DEFENDANT IS ENTITLED TO DISMISSAL, UNDER RULE 12(b)(2),  DUE TO
LACK OF PERSONAL JURISDICTION ............................................................................. 3
   A.   Plaintiffs Have Failed In Their Initial Burden to Plead Facts Supporting Jurisdiction ...... 3
   B.   The Record Conclusively Establishes That Plaintiffs Could Not Allege Either General or
       Long-Arm Personal Jurisdiction ............................................................................... 5
     a. An alleged defamation created outside of New York is expressly excluded from long-arm
       jurisdiction .......................................................................................................... 8
     b. Ownership of real estate, untethered to the cause of action, also does not provide a basis
       for personal jurisdiction. ....................................................................................... 8
     c. American University did not "transact any business" or "contract anywhere to supply
       goods or services" in New York in connection with the causes of action alleged in the
       Complaint. ........................................................................................................... 9
   C.   Jurisdiction Would Violate Due Process .................................................................. 14

POINT II:  IN THE ALTERNATIVE, VENUE MUST BE TRANSFERRED UNDER 28 U.S.C.
§1404 OR 28 U.S.C. §1406 ......................................................................................... 15

CONCLUSION ............................................................................................................ 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A.I. Trade Finance, Inc. v. Petra Bank,*
    989 F.2d 76 (2d Cir. 1993)................................................................................10

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
    171 F.3d 779 (2d Cir.1999)................................................................................4

*Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.,*
    923 F.Supp. 433 ................................................................................14

*Beacon Enterprises, Inc. v. Menzies,*
    715 F.2d 757 (2d Cir. 1983)................................................................................6, 7

*Bensusan Restaurant Corp. v. King,*
    126 F.3d 25 (2d Cir. 1997)................................................................................5

*Best Van Lines, Inc. v. Walker,*
    490 F.3d 239 (2d Cir. 2007)................................................................................4, 11

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985)................................................................................14

*City of New York v. CycoNet,*
    383 F. Supp.2d 526 (S.D.N.Y.2005)................................................................................4, 14

*Corke v. Sameiet M.S. Song of Norway,*
    572 F.2d 77 (2d Cir. 1978)................................................................................16

*Finest Fruits, Inc. v. Bertuca,*
    714 F.Supp. 94 (S.D.N.Y. 1989)................................................................................10

*International Shoe Co. v. Washington,*
    326 U.S. 310 (1945)................................................................................14

*Local 875 I.B.T. Pension Fund v. Pollack,*
    992 F.Supp. 545 (E.D.N.Y. 1998)................................................................................14

*M'Baye v. World Boxing Ass'n,*
    429 F. Supp.2d 652 (S.D.N.Y. 2006)................................................................................4

*Merck & Co., Inc. v. Mediplan Health Consulting, Inc.,*
    425 F. Supp.2d 402 (S.D.N.Y. 2006)................................................................................4

*POSVEN, C.A. v. Liberty Mutual Insurance Co.*,
    303 F. Supp.2d 391 (S.D.N.Y. 2004)........................................................10, 16, 17

*Rolls-Royce Motors, Inc. v. Charles Schmitt & Co.*,
    657 F.Supp. 1040 (S.D.N.Y. 1987) .........................................................................6

*Selman v. Harvard Medical School*,
    494 F.Supp. 603 (S.D.N.Y. 1980) ...........................................................................7

*Shaffer v. Heitner*,
    433 U.S. 186 (1977)..................................................................................................9

*Sunward Electronics, Inc. v. McDonald*,
    362 F.3d 17 (2d Cir. 2004).....................................................................................14

*Volk Corp. v. Art-Pak Clip Art Serv.*,
    432 F.Supp. 1179 (S.D.N.Y. 1977) .......................................................................16

*Wickers Sportswear, Inc. v. Gentry Mills, Inc.*,
    411 F. Supp.2d 202 (E.D.N.Y. 2006) .................................................................9, 10

## STATE CASES

*Apicella v. Valley Forge Military Academy and Junior College*,
    103 A.D.2d 151, 478 N.Y.S.2d 663 (2d Dep't 1984)..............................................13

*Berwick v. New World Network Intern., Ltd.*,
    No. 06 Civ. 2641, 2007 WL. 949767 (S.D.N.Y. March 28, 2007)......................5, 14

*Bulger v. Royal Doulton, PLC*,
    No. 05 Civ. 7709, 2006 WL. 3771016 (S.D.N.Y. Dec. 19, 2006)............................5

*Coffman v. National Union Fire Ins. Co. of Pittsburgh, Pa.*,
    60 Misc.2d 81, 302 N.Y.S.2d 480 (Dist. Ct. Nassau Cty. 1969) .............................9

*Competitive Technologies, Inc. v. Pross*,
    14 Misc.3d 1224( 836 N.Y.S.2d 492 (Sup.Ct. 2007)..............................................13

*Klein v. Hongkong and Shanghai Hotels, Ltd.*,
    No. 06 Civ. 377, 2007 WL 1098735 (S.D.N.Y. April 9, 2007)................................4

*Krajewski v. Osterlund, Inc.*,
    111 A.D.2d 905, 490 N.Y.S.2d 609 (2d Dep't 1985)..............................................11

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*,
    77 N.Y.2d 28, 563 N.Y.S.2d 739 (1990) .................................................................6

*Laufer v. Ostrow,*
    55 N.Y.2d 305, 449 N.Y.S.2d 456 (1982) ............................................................7

*Lewittes v. Cohen,*
    No. 03 Civ. 189, 2004 WL 1171261 (S.D.N.Y. May 26, 2004)..............................3

*Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,*
    15 N.Y.2d 443, 261 N.Y.S.2d 8 (1965) ................................................................9

*McGowan v. Smith,*
    52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981) ......................................................6, 10

*Mencher v. Chesley,*
    297 N.Y. 94 (1947) ................................................................................................3

*Pontarelli v. Shapero,*
    231 A.D.2d 407, 647 N.Y.S.2d 185 (1st Dep't 1996) ...........................................8

*Ritchie Capital Management, L.L.C. v. Coventry First LLC,*
    No. 07 Civ. 3494, 2007 WL 2044656 (S.D.N.Y. July 17, 2007) ...........................4

*Siverls-Dunham v. Lee,*
    No. 05 Civ. 7518, 2006 WL. 3298964 (S.D.N.Y. Nov. 13, 2006) ........................10

*Stein v. Trager,*
    36 Misc. 2d 227, 232 N.Y.S.2d 362 (Sup.Ct. 1962)..............................................3

*Strelsin v. Barrett,*
    36 A.D.2d 923, 320 N.Y.S.2d 885 (1st Dep't 1971)......................................13, 14

*Yanni v. Variety, Inc.,*
    48 A.D.2d 803, 369 N.Y.S.2d 448 (1st Dep't 1975).............................................13

## FEDERAL STATUTES

28 U.S.C. §1404(a) ...........................................................................................................16

28 U.S.C. §1406(a) ...........................................................................................................16

## STATE STATUTES

N.Y. C.P.L.R. §302(a) (McKinney 2006).................................................................7, 8, 9

## PRELIMINARY STATEMENT

This action arose out of Defendant American University's lawful publication of a magazine created entirely at its campus in Washington, D.C. and mailed to various locations throughout the world from Virginia mailing houses. American University, a Washington, D.C. nonprofit corporation that conducts only occasional activities in New York and conducted none here in relation to the publication that Plaintiffs allege defamed them, brings this motion to dismiss for lack of personal jurisdiction as Plaintiffs have not asserted, and cannot assert, that American University is amenable to the Court's jurisdiction in this action.

Nowhere does the Complaint allege, as it must, sufficient facts to demonstrate that American University may be haled into a court in New York to respond to this Complaint. Moreover, the Declaration filed with this Motion affirmatively reflects that Plaintiff could not, consistent with either of the New York jurisdictional statutes, CPLR §§301 and 302, allege grounds for either general or personal jurisdiction against American University. Indeed, the sole act that the Complaint alleges in connection with New York -- the mailing of magazines into this State (Complaint, ¶¶ 9, 14, 26) -- is expressly insufficient under the long-arm statute for the exercise of personal jurisdiction. As a result, this Court must dismiss the action, or at a very minimum, must transfer the action to the District Court in the District of Columbia.

For these reasons, as more fully set forth below, the Complaint must be dismissed or transferred to the United States District Court for the District of Columbia.

## UNDISPUTED FACTS RELEVANT TO JURISDICTION

### A.    The Parties

As Complaint ¶3 alleges, American University is a "nonprofit corporation doing business in Washington, D.C." It is organized under the laws of the District of Columbia, has its principal place of business located at 4400 Massachusetts Avenue, NW, Washington, D.C. (Declaration of Abbey Silberman Fagin ("Fagin Declaration"), ¶ 2), and maintains no offices, employees, license, or registered agent in New York State. (Fagin Declaration, ¶¶ 17-18).

American University publishes a university magazine, *American* (the "Magazine"), three times each year. (Fagin Declaration, ¶ 3). University employees write the articles and perform the editing and layout of the Magazine at the offices of University Publications and Development & Alumni Programs, which are principally located at the University's Tenley campus in Washington, D.C. (Fagin Declaration, ¶ 4). The Magazine is then printed and mailed through vendors located in Virginia. (Fagin Declaration, ¶¶ 5, 6).

Plaintiffs are both graduates of American University and currently reside in the State of New York. (Complaint, ¶¶ 1, 2). Ross Weil graduated from the Kogod School of Business with his B.S. degree in 2002; Brett Royce graduated from the School of International Service with his B.A. degree in 2001. (Complaint, Exhibit A).

### B.    The Complaint

Plaintiffs base their entire defamation claim on an announcement in the "Class Notes" section of the Spring 2007 issue of the Magazine. The "Class Notes" section contains very short profiles of alumni, which have been sent to the University by e-mail, over the Internet through the University's website, or by regular mail, or have been summarized from news-wire services, press releases, newspapers and trade journals. (Fagin Declaration, ¶ 15). The Complaint alleges that the statements constitute libel *per se* under New York law as they "impute[] homosexual

2

behavior between" the Plaintiffs. (Complaint, ¶¶ 16-17, 28-29).[1]  Plaintiffs request actual, presumed, and punitive damages in excess of a combined $1.5 million. (Complaint, ¶¶ 22, 33).

## ARGUMENT

### POINT I
### DEFENDANT IS ENTITLED TO DISMISSAL, UNDER RULE 12(b)(2), DUE TO LACK OF PERSONAL JURISDICTION

American University is entitled to dismissal under Federal Rule 12(b)(2) as this Court lacks jurisdiction over it.  Plaintiffs have failed their initial burden to plead facts to support the exercise of personal jurisdiction over American University.  Moreover, the Fagin Declaration conclusively establishes that Plaintiffs could not plead facts to warrant the exercise of jurisdiction under New York's jurisdictional statutes.  Finally, as this Motion reflects, maintaining the action in this Court would offend traditional notions of substantial justice and fair play, and, therefore, would violate due process.

**A.    Plaintiffs Have Failed In Their Initial Burden to Plead Facts Supporting Jurisdiction**

In invoking the jurisdiction of any court over a foreign defendant, a New York plaintiff bears the initial burden of pleading a complaint that demonstrates valid jurisdictional grounds.

---

[1] While it is beyond the scope of this motion, which solely challenges the invocation of personal jurisdiction, American University expresses its strong disagreement with the offensive notion underlying this entire lawsuit, that is, Plaintiffs' allegation that false statement about someone's homosexuality exposes him to "hatred, contempt or aversion or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community, even though it may impute no moral turpitude to him," required to sustain a defamation action. *Mencher v. Chesley*, 297 N.Y. 94, 100 (1947) (determining a false charge of communism is a basis for a libel action, but noting whether language has that tendency to be defamatory depends "upon the temper of the times" and "the current of contemporary public opinion"); *Stein v. Trager*, 36 Misc.2d 227, 232 N.Y.S.2d 362 (Sup.Ct. 1962) (finding no per se defamation where the state penal code does not make being homosexual a punishable crime); *Lewittes v. Cohen*, No. 03 Civ. 189, 2004 WL 1171261, at *3, n.5 (S.D.N.Y. May 26, 2004) (dismissing action on other grounds, calling into question state precedent that imputation of homosexuality is defamatory *per se*; "Given welcome shifts in social perceptions of homosexuality, however, there is good reason to question the reliability of these precedents").

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999); *City of New York v. CycoNet*, 383 F.Supp.2d 526, 540 (S.D.N.Y.2005) (Batts, J.). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (citation omitted); *Ritchie Capital Management, L.L.C. v. Coventry First LLC*, No. 07 Civ. 3494, 2007 WL 2044656, at *10 (S.D.N.Y. July 17, 2007); *M'Baye v. World Boxing Ass'n*, 429 F.Supp.2d 652, 655 (S.D.N.Y. 2006). "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway." *Klein v. Hongkong and Shanghai Hotels, Ltd.*, No. 06 Civ. 377, 2007 WL 1098735, at *3, (S.D.N.Y. April 9, 2007) (Batts, J.), (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981)). Therefore, the complaint must be dismissed for failure of adequate pleading where, on its face, it does not state adequate grounds to support jurisdiction over a foreign defendant. *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F.Supp.2d 402, 420 (S.D.N.Y. 2006) (dismissing claims against individual for lack of personal jurisdiction where "plaintiffs have failed to make sufficient jurisdictional allegations to make a prima facie showing of jurisdiction based on [the individual's] contacts with New York").

Here, the Complaint does not even adequately allege any of the grounds set forth in New York's jurisdictional statutes, the New York Civil Practice Law and Rules ("CPLR") §§301 and 302, that would permit this Court to exercise jurisdiction. The Complaint accurately avers that American University "is a District of Columbia nonprofit corporation doing business in Washington, D.C.". (Complaint, ¶ 3). The Complaint nowhere alleges that American University does business, maintains an agent, produces the Magazine, or conducts any other acts in New

4

York that would enable them to invoke this Court's jurisdiction over the University. For this reason alone, the Complaint should be dismissed.

**B.      The Record Conclusively Establishes That Plaintiffs Could Not Allege Either General or Long-Arm Personal Jurisdiction**

In addition to the fatal pleading infirmities of the Complaint, the record on this Motion conclusively establishes that they would be unable to establish a *prima facie* case for personal jurisdiction. As the subject matter of this Complaint rests on grounds of diversity jurisdiction, the Court must look to the law of New York to determine whether personal jurisdiction exists over American University. *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997); *Bulger v. Royal Doulton, PLC*, No. 05 Civ. 7709, 2006 WL 3771016, at *3, (S.D.N.Y. Dec. 19, 2006) (Batts, J.) ("In general, federal courts must guarantee that personal jurisdiction is in accordance with both the long-arm statute of the state in which the federal court is located and with the Constitution."). In examining jurisdiction, the Court, "may rely on matters outside the pleadings, and 'where [the] defendant rebuts [the] plaintiffs' unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction – and the plaintiffs do not counter that evidence – the allegation may be deemed refuted." *Berwick v. New World Network Intern., Ltd.*, No. 06 Civ. 2641, 2007 WL 949767, at *9, (S.D.N.Y. March 28, 2007) (holding by Judge Koeltl that New York defamation plaintiffs failed to make a *prima facie* case of personal jurisdiction over out-of-state defendant).

In this action, as the subject matter jurisdiction of the Court is grounded in diversity, personal jurisdiction will turn on the application of New York law. *Bensusan Restaurant Corp.*, 126 F.3d at 27 (*supra*); *Bulger*, 2006 WL 3771016, at *3 (*supra*). New York law provides for jurisdiction over a foreign defendant on two alternative theories: general jurisdiction under CPLR §301, and specific or long-arm jurisdiction under CPLR §302. The Fagin Declaration

submitted in support of this Motion establishes that the Plaintiffs cannot satisfy the requirements for jurisdiction in New York under either statute.

### (i) American University is not amenable to general jurisdiction

CPLR §301 provides for personal jurisdiction over a non-domiciliary who is "doing business" in the State of New York. For the statute to apply, American University must be "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence'" here. *McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643 (1981) (internal quotation omitted). "The court must be able to say from the facts that the corporation is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 77 N.Y.2d 28, 33-34, 563 N.Y.S.2d 739, 741 (1990). Thus general jurisdiction is dependent upon a showing that the corporation is doing business in New York systematically, continuously and with a fair measure of permanence. Furthermore, "the long-standing New York rule is that solicitation alone, no matter how substantial, will not subject a foreign corporation to the jurisdiction of the New York courts." *Rolls-Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1044-45 (S.D.N.Y. 1987); *Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 459 (1982). "To sustain personal jurisdiction, New York courts 'require substantial solicitation' that is carried on with a 'considerable measure of continuity and from a permanent locale' within the state." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 763 (2d Cir. 1983) (determining nondomiciliary did not subject herself to personal jurisdiction even where she solicited New York mail order sales by advertisements reaching New York).

In this action, the Fagin Declaration establishes that American University is physically located outside of New York, is not incorporated in the State, has no employees or office, no

continuous business presence in the State, it is not licensed to do business in the State, and has no agent designated to receive service of process in the State. (Fagin Declaration, ¶¶ 2, 17-19, 21). Furthermore, the shipment of goods into New York, by itself, does not constitute "doing business" under §301.  "It is well settled, however, that the mere shipment to or use of defendants' goods in a foreign state is not a sufficient basis for in personam jurisdiction over a foreign corporation." *Selman v. Harvard Medical School*, 494 F.Supp. 603 (S.D.N.Y. 1980) (describing how the mere mailing of applications to New York medical schools on behalf of applicants is not sufficient "systematic and regular" business to satisfy the "doing business" test); *Beacon Enterprises, Inc.*, 715 F.2d at 763 (stating the "shipment of goods in New York does not *ipso facto* constitute 'doing business'" within meaning of statute).  Thus, mailing the Magazine itself into New York is insufficient as a matter of law to confer general personal jurisdiction on the University.  Plaintiffs therefore cannot state a *prima facie* claim for personal jurisdiction under CPLR §301.

### *(ii) American University also is not amenable to long-arm jurisdiction*

Plaintiffs also are unable to allege specific jurisdiction under New York's long-arm statute, which provides:

> Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1.  transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2.  commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3.  commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

7

(i)    regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii)    expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4.    owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. §302(a) (McKinney 2006).    The record on this Motion clearly establishes that Plaintiffs cannot allege any facts to bring American University and these claims within the long-arm statute.

### a.    An alleged defamation created outside of New York is expressly excluded from long-arm jurisdiction.

Importantly, §302(a)(2) and (3) explicitly exclude tort actions for defamation of character from acts which may form the basis of jurisdiction.   Defamation of character cannot form the basis for long-arm jurisdiction in New York. *Pontarelli v. Shapero*, 231 A.D.2d 407, 647 N.Y.S.2d 185 (1st Dep't 1996) ("[T]he only tort alleged to have been committed, defamation of character, cannot form the basis for long-arm jurisdiction under the specific language of the statute.").   Plaintiffs therefore cannot rest long-arm jurisdiction on the basis that American University mailed the Magazine into New York state.

### b.    Ownership of real estate, untethered to the cause of action, also does not provide a basis for personal jurisdiction.

In addition to §302(a)(2) and (3), this Court must also rule out any assertion of jurisdiction based on §302(a)(4).   While American University owns a half-acre parcel in the State (Fagin Declaration, ¶ 21), this provision of the long-arm statute may only be invoked where a  cause of action arose from the ownership, use, or possession of the property.   The presence in the State of property alone will not support the State's jurisdiction where the property is unrelated

8

to the cause of action. *Shaffer v. Heitner*, 433 U.S. 186 (1977); *Coffman v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 60 Misc.2d 81, 302 N.Y.S.2d 480 (Dist. Ct. Nassau Cty. 1969) (no jurisdiction in the absence of any suggestion that the cause of action arose out of defendant's ownership, use, or possession of realty in the county, even if it transacts business in the county or possesses or uses real property within the county so long as the cause of action does not arise, also, from the doing of such act). Plaintiffs here do not allege any connection between American University's ownership of real property in New York and their claim. Moreover, the Fagin Declaration (¶ 21) establishes that there is no connection between the land and the publication of the Magazine.

### c. American University did not "transact any business" or "contract anywhere to supply goods or services" in New York in connection with the causes of action alleged in the Complaint.

With regard to the remaining possible jurisdictional ground, CPLR §302(a)(1), a plaintiff must establish that the defendant either "transact[s] any business within the state" or "contracts anywhere to supply goods or services in the state[.]" N.Y. C.P.L.R. §302(a)(1) (McKinney 2006). Further, the purposeful acts of the defendant must bear some connection to the cause of action, in the totality of the circumstances. "Throughout the analysis, the Court bears in mind that the test for jurisdiction under §302(a)(1) is qualitative rather than quantitative and the inquiry should be designed to determine whether the 'defendant has engaged in some purposeful activity in this State in connection with the matter in suit.'" *Wickers Sportswear, Inc. v. Gentry Mills, Inc.*, 411 F.Supp.2d 202, 208 (E.D.N.Y. 2006) (quoting *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 261 N.Y.S.2d 8 (1965)).

Thus, the provision of CPLR §302(a)(1) regarding contracts only applies where an action arose out of the contract itself, such as where a non-domiciliary defendant contracted with a New

9

York company for performance in New York,[2] and then failed to pay for the services. *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 80 (2d Cir. 1993); *see also Finest Fruits, Inc. v. Bertuca*, 714 F.Supp. 94, 97 (S.D.N.Y. 1989) (qualifying that CPLR provides for jurisdiction "where a non-domiciliary enters into a contract to do work in or to send goods into New York, so long as the cause of action arises out of the contract").

Similarly, with respect to the provision of §302(a)(1) regarding defendants who "transact any business" in New York, the courts apply a two-pronged analysis: (1) the transaction of business must be purposeful and meaningful, such that the nondomiciliary "purposefully avails [itself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws," *POSVEN, C.A. v. Liberty Mutual Insurance Co.*, 303 F.Supp.2d 391, 397 (S.D.N.Y. 2004) (internal quotation omitted); *see also Siverls-Dunham v. Lee*, No. 05 Civ. 7518, 2006 WL 3298964 (S.D.N.Y. Nov. 13, 2006) (advertising and speeches that resulted in increased enrollment were insufficient to establish purposeful activity from which jurisdiction could arise); and (2) the cause of action must arise out of that specific transaction. *McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643 (1981) (dismissing action where plaintiffs could not show substantial relationship to the transaction: "[E]ssential to the maintenance of a suit against a nondomiciliary under CPLR 302(a)(1) is the existence of some articulable nexus

---

[2] Courts must additionally analyze, under this portion of the CPLR, whether an out-of-state defendant contracts to supply goods or services in New York. The factors the courts will consider include: "(1) whether the purchase orders and other documents provide for shipment to New York; (2) whether the defendant collected New York sales tax in connection with the transaction; (3) whether the defendant solicited the contract in New York; (4) whether the defendant entered New York for purposes of performing the contract; and (5) any other factor showing that defendant voluntarily and purposefully availed itself of the privilege of transacting business in New York." *Wickers Sportswear, Inc. v. Gentry Mills, Inc.*, 411 F.Supp.2d 202, 210 (E.D.N.Y. 2006) (finding no jurisdiction where connection was insufficient, even where some sample goods were shipped in to New York and where defendant had an ongoing contractual relationship with a New York corporation). None of these factors remotely applies to American University's production of the allegedly defamatory publication here.

between the business transacted and the cause of action sued upon").  The failure of the plaintiff to set forth an articulable nexus between the defendant's business in New York and the cause of action sued upon is grounds for dismissal of the action. *Krajewski v. Osterlund, Inc.*, 111 A.D.2d 905, 906, 490 N.Y.S.2d 609 (2d Dep't 1985) (dismissing action and stating "[j]urisdiction under CPLR 302(a)(1) is lacking because plaintiff has set forth no 'articulable nexus' between either the alleged business transacted in New York or the contracts for shipment of defendant's products into New York, and the cause of action sued upon").

In an on-point decision that is dispositive of the analysis here, the Second Circuit specifically has held that an out-of-state defendant's act of circulating an alleged defamation in New York does not, in and of itself, constitute "transacting business" in the state under long-arm jurisdiction.

> New York courts do not interpret 'transacting business' to include mere defamatory utterances sent into the state.  Although section 302(a)(1) does not exclude defamation from its coverage, New York courts construe 'transacts any business within the state' more narrowly in defamation cases than they do in the context of other sorts of litigation.  In other cases, 'proof of one transaction,' or a 'single act,' in New York is sufficient to invoke long-arm jurisdiction, even though the defendant never enters New York. …  In defamation cases, by contrast, the 'single act' of uttering a defamation, no matter how loudly, is not a 'transaction of business' that may provide the foundation for personal jurisdiction.  In other words, when the defamatory publication itself constitutes the alleged 'transaction of business' for the purposes of section 302(a)(1), more than the distribution of a libelous statement must be made within the state to establish long-arm jurisdiction over the person distributing it.

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007) (internal citations omitted).

11

In this action, Plaintiffs cannot establish American University has transacted any business or entered into any contract sufficient to invoke jurisdiction under the long-arm statute, as:

- All functions related to the production and distribution of the Magazine are performed by the University outside of New York State. (Fagin Declaration, ¶¶ 4-7).

- No contracts related to the publication of the Magazine are performed in New York State. (Fagin Declaration, ¶¶ 5-7).

- The University Offices of Publications and Development & Alumni Programs, located on the Tenley campus in Washington, D.C., are responsible for writing the articles, as well as performing the editing and layout of the Magazine. (Fagin Declaration, ¶ 4).

- The Magazine does not sell goods, so no purchases can be made through it (Fagin Declaration, ¶ 13), nor does it seek donations (Fagin Declaration, ¶ 12).

- The recipients of the Magazine (including of course those in New York as well as all other states and countries) pay no subscription fee for the Magazine. (Fagin Declaration, ¶ 9). Instead, alumni receive it free of charge as part of their automatic enrollment in the Alumni Association. (Fagin Declaration, ¶ 8).

- The University does not maintain offices or employees within New York State. (Fagin Declaration, ¶ 18).

- The University contracts with entities in Virginia to print and mail the Magazine from a Virginia post office. (Fagin Declaration, ¶¶ 5-6).

- The University does not target New York, but instead provides the alumni with the Magazine wherever they have chosen to reside – within any state in the United States as well as in foreign countries. (Fagin Declaration, ¶¶8, 10-11).

12

- No contracts related to the dissemination of the Magazine were made or performed in the State of New York. (Fagin Declaration, ¶¶ 5-7, 20).

- The University has no contract with Plaintiffs. (Fagin Declaration, ¶ 20).

Thus, it is evident that American University enters into no contracts and transacts no business in New York -- as the statute is applied by New York courts -- in connection with the Magazine. Furthermore, the shipping of the Magazine in to the State of New York is purely fortuitous, and the circulation of the alleged defamation, as a matter of law, does not confer long-arm jurisdiction in New York. In the absence of the University undertaking the requisite purposeful and qualitative New York activities in connection with the Plaintiffs' cause of action, personal jurisdiction is lacking and the action must be dismissed. In the particular context of out-of-state colleges and universities, like American University, New York courts do not deem periodic visits to recruit or interview students in the State, even coupled with advertising in-state, sufficient to confer jurisdiction on a school. *Apicella v. Valley Forge Military Academy and Junior College*, 103 A.D.2d 151, 154, 478 N.Y.S.2d 663 (2d Dep't 1984) (finding no jurisdiction where school advertised in New York newspaper and admissions officer made sporadic recruiting visits to the state); *see also Yanni v. Variety, Inc.*, 48 A.D.2d 803, 369 N.Y.S.2d 448 (1st Dep't 1975) (finding no personal jurisdiction where California newspaper had minimal distribution in New York through mail subscriptions, no copies being sold on newsstands, and defendant "took no part in or exercised any control over the distribution in New York, nor was his economic interest furthered by such distribution"); *Competitive Technologies, Inc. v. Pross*, 14 Misc.3d 1224(A), 836 N.Y.S.2d 492 (Sup.Ct. 2007) (finding no personal jurisdiction where libelous statements in question were posted on a passive message board and not in connection with any business transactions); *Strelsin v. Barrett*, 36 A.D.2d 923, 320 N.Y.S.2d 885 (1st Dep't

13

1971) (finding no personal jurisdiction where defendant had no control over video tape distribution, and court determined there was no transaction attributable to defendant).

**C.    Jurisdiction Would Violate Due Process**

Even if Plaintiffs could satisfy the requirements of the New York State jurisdictional requirements, the Court's exercise of personal jurisdiction must also comport with constitutional due process standards. *Berwick v. New World Network Intern., Ltd.*, No. 06 Civ. 2641, 2007 WL 949767, at *9 (S.D.N.Y. March 28, 2007); *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004). In order to fulfill this due process obligation, the district court must find that the non-resident defendant has purposefully established "minimum contacts" in New York and that the quality and nature of defendant's contacts are "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *City of New York v. CycoNet*, 383 F.Supp.2d 526, 541 (S.D.N.Y.2005) ("In determining whether minimum contacts exist, the court considers 'the relationship among the defendant, the forum, and the litigation.'") (Batts, J.) (internal citation omitted).

New York State's long-arm statute does <u>not</u> extend jurisdiction to the furthest extent of due process permitted by the Constitution. *Local 875 I.B.T. Pension Fund v. Pollack*, 992 F.Supp. 545 (E.D.N.Y. 1998). Instead, to determine whether the requisite contacts exist, the courts consider: "(1) whether the defendant purposefully availed himself of the benefits of the forum state; (2) whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there; and (3) whether the defendant carries on a continuous and systematic part of its general business within the forum state." *Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*, 923 F.Supp. 433, 437; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-4 (1985).

14

In this action, none of these factors can be met consistent with the requirements of due process.    The fact that the Magazine eventually reached Plaintiffs in New York State is fortuitous, as the Magazine is only sent to graduates, as well as to parents of current undergraduate students, emeriti faculty, and selected current and former donors. (Fagin Declaration, ¶ 8).  American University does not target New York as a place to disseminate the Magazine – it is only through the addresses supplied by alumni and friends that determine where the Magazine will be sent.  The University does not circulate it to people unaffiliated with the University. (Fagin Declaration, ¶ 11).  The Magazine is not offered for sale anywhere; it is not available on newsstands in New York, and it is not even available to New York residents through subscription. (Fagin Declaration, ¶¶ 9, 11).    There is no purposeful activity such that the University could foresee being haled into court in the State of New York; it simply mails a university magazine to graduates, wherever they may reside.  To find that this activity opens Defendant up to personal jurisdiction in New York conceivably would render the University amenable to jurisdiction in every state or territory or foreign country in which the Magazine is sent, on no other basis than its graduates choose to live there.  As such, personal jurisdiction cannot be found over the University, as it would violate the guarantee of due process.

## POINT II
## IN THE ALTERNATIVE, VENUE MUST BE TRANSFERRED UNDER
## 28 U.S.C. §1404 OR 28 U.S.C. §1406

If this Court determines that it has personal jurisdiction over American University, the interests of justice and the convenience of the parties and witnesses would be better served if this action were transferred to the United States District Court for the District of Columbia, where Plaintiffs could have brought this lawsuit.  The District of Columbia is a more convenient forum for this dispute.

U.S. Code §1404(a) provides that:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a). Also, U.S. Code §1406(a) specifically provides that:

> [t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division which it could have been brought.

28 U.S.C. §1406(a). Therefore, regardless of whether the Court determines there is or is not personal jurisdiction over Defendant, under 28 U.S.C. §1406(a) it may still transfer the venue to the District of Columbia District Court. The Second Circuit has determined that this provision authorizes the transfer of an action "even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district." *Volk Corp. v. Art-Pak Clip Art Serv.*, 432 F.Supp. 1179, 1181 (S.D.N.Y. 1977) (transferring the case in the interest of justice and to save commencement of a new action for alleged federal copyright infringement); see also *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978) (adopting the statement of law).[3] Where jurisdiction is lacking but venue is proper, the Second Circuit reads §1404(a) in conjunction with §1406(a), thereby placing a "judicial gloss" on the statutory text. *Corke*, 572 F.2d at 80, n.9; *POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F.Supp.2d 391, 400, n.3 (S.D.N.Y. 2004).

As the party seeking transfer, American University must establish "(1) that the action is one that 'might have been brought' in the district to which the movant seeks to have it transferred,

---

[3] As the case at hand concerns a publication made in Spring 2007, the one-year statute of limitations, under either New York or D.C. law, has not run, and thus it is not currently an issue with respect to the Plaintiffs' ability to commence another suit. N.Y. C.P.L.R. §215(3) (McKinney 2006); D.C. Code §12-301(4).

and (2) that transfer is appropriate based on the convenience of the parties, the convenience of the witnesses and the interests of justice." *POSVEN, C.A.*, 303 F.Supp.2d at 400-01. This action might have been brought in the District Court in the District of Columbia, as that is the location where the acts underlying the Complaint took place. Particularly, the Magazine containing the "Class Notes" is published in Washington, D.C. (Fagin Declaration, ¶ 4). As set forth above, American University is located in Washington, D.C., and the employees who work for the University in its offices of University Publications and Development & Alumni Programs are located on the University's Tenley campus in that district. (Fagin Declaration, ¶¶ 2, 4). In addition, Defendant is subject to personal jurisdiction in that district, as it is a Washington. D.C. corporation. (Fagin Declaration, ¶ 2). The witnesses, the materials, documents, and files pertaining to the production of the Magazine and "Class Notes" are located at the University's campus in Washington, D.C. (Fagin Declaration, ¶ 16). Further, none of the activities associated with the Magazine were performed in the State of New York; the Magazine was published in D.C. by the University, it was printed by a vendor in the Commonwealth of Virginia, and mailed by another vendor from Virginia. (Fagin Declaration, ¶¶ 4-7).

As discussed above, the fact that the Magazine eventually reached Plaintiffs in New York State is fortuitous. All ties lead to the District of Columbia, which is the more convenient forum for this dispute. Accordingly, should this Court decide not to dismiss the Complaint outright for want of jurisdiction, American University requests that the lawsuit be transferred to the federal court in Washington, D.C.

## CONCLUSION

For the foregoing reasons, American University respectfully requests that this Court enter an Order granting its motion to dismiss under Rule 12(b)(2), or in the alternative transferring

17

venue under 28 U.S.C. §1404 or §1406, together with any other and further relief to Defendant as the Court deems appropriate.

Dated: October 15, 2007
        New York, New York

                                        HOLLAND & KNIGHT LLP

                                        By: _____
                                            Colleen A. Sorrell
                                            Charles D. Tobin (*pro hac vice* pending)
                                            195 Broadway
                                            New York, NY 10007
                                            212-513-3200
                                            212-385-9010
                                            *Attorneys for American University*

18