Michael A. Kaufman (MK-8752)
Michael A. Kaufman, P.A.
*Attorney for Plaintiffs*
570 Lexington Avenue, 44th Floor
New York, New York 10022
212-759-1170 Telephone
212-658-9117 Facsimile
michael@mkaufmanpa.com – Email

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ROSS WEIL, individually and
BRETT ROYCE, individually

       Plaintiffs,

v.

AMERICAN UNIVERSITY, a
District of Columbia Corporation

       Defendant

_____/

Hon. Deborah A. Batts
Case No. 07-CIV-7748

TO:  THE HONORABLE JUDGE DEBORAH A. BATTS OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER
## RULE 12(b)(2), OR IN THE ALTERNATIVE TO TRANSFER VENUE
## UNDER 28 U.S.C. §1404 OR §1406

## TABLE OF CONTENTS

Table of Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Other Sources . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**PRELIMINARY STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**POINT I** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     I.     American University is Subject to General Jurisdiction . . . . . . . . . . . . . 3

          A.     §301.  Jurisdiction Over Persons, Party and Status . . . . . . . . . . . 3

          B.     Jurisdiction is Proper as Alleged in Plaintiffs' Complaint. . . . . . 8

**POINT II**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

     I.     American University is Subject to Long-Arm Jurisdiction
            Pursuant to CPLR 302(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

          A.     Subjecting American University to the Court's Jurisdiction
               Will not violate Due Process . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

**POINT III** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

     I.     This action should not be transferred pursuant to 28 U.S.C. §1404 and/or
            28 U.S.C. §1406 and this action should remain in the Southern District
            of New York . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITY

### STATE CASES

Courtroom Television Network V. Focus Media, Inc.
695 N.Y.2d 17, A.D.2d 351 (1st Dept. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Klein v. Hong Kong Shangahi Hotels Limited
2007 WL 1098735 (S.D.N.Y. April 19, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kreutter v. McFadden Oil Change
71 N.Y.2d 460, 567 N.Y.S.2d 195 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Laufer v. Ostrow
55 N.Y.2d 305, 434 N.E.2d 692 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Leeper v. Leeper,
114 N.H. 294, 319 A.2d 626 (N.H. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

McGowan v. Smith
52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

McKee Elec. Co. v. Rauland-Borg Corp.
20 N.Y.2d 377, 283 N.Y.S.2d 34 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Montgomery v. Minarcin
263 A.D.2d 665, 693 N.Y.S.2d. 293 (3rd Dept. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C. v. Lefkowitz
2002 WL 1969237 (N.Y.Dist.Ct. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

### FEDERAL CASES

Asquascutum of London, Inc. v. S.S. American Champion
426 F.2d 205 (2d Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Best Van Lines v. Wacker
490 F.3d 239 (2nd Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Calder v. Jones
465 U.S. 783, 104 S.Ct. 1482 (U.S.Cal. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

Crouch v. Atlas Van Lines, Inc.
834 F.Supp. 596 (N.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Eskofot A/S v. E.I. Du Pont De Nemours & Co.
872 F.Supp. 81 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Gertz v. Robert Welch, Inc.
418 U.S. 323, (U.S.Ill.1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Hoffritz for Cutlery, Inc. v. Amajac, Ltd
763 F.2d 55 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

International Shoe Co. v. Washington
326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

Keeton v. Hustler Magazine, Inc.
465 U.S. 770, (U.S.N.H. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11, 12

Kingsepp v. Wesleyan University
763  F.Supp. 22 (S.D.N.Y 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 8

Kronisch v. United States
150 F.3d 112 (C.A.2 (N.Y.) 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Marine Midland Bank, N.A. v. Miller
664 F.2d 899 (2d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Selman v. Harvard Medical School
494 F.Supp. 603 (D.C.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Schieffelin & Co. v. Jack Co.
725 F.Supp. 1314  (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

## TABLE OF STATUTES

28 U.S.C. §1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 13

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. §1406. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13, 15

28 U.S.C. §1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13, 15

## TABLE OF OTHER SOURCES

§301 New York Civil Practice Law and Rules ("CPLR") . . . . . . . . . . .2, 3, 4, 5, 8, 10, 15

N.Y.C.P.L.R §302 Long Arm Statue (McKinney 2006) . . . . . . . . . . . . . . . . . . .2, 10, 15

N.Y.C.P.L.R §302(a)(1) Long Arm Statue (McKinney 2006) . . . . . . . . . . . . . .  9,10,11

N.Y.C.P.L.R §302(a)(2)(3) (McKinney 2006) . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . .10

N.Y.C.P.L.R §302(a)(2)(McKinney 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

N.Y.C.P.L.R §302(a) (3)(i)(McKinney 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

N.Y.C.P.L.R §302 (a)(3)(ii) (McKinney 2006) . . . . .. . . . . . . . . . . . . . . . . . . . . . . . 4

Restatement (Second) of Conflicts of Laws Section 36, Comment c (1971) . ... . . . . . . .12

Michael A. Kaufman (MK-8752)
Michael A. Kaufman, P.A.
*Attorney for Plaintiffs*
570 Lexington Avenue, 44th Floor
New York, New York 10022
212-759-1170 Telephone
212-658-9117 Facsimile
michael@mkaufmanpa.com – Email

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROSS WEIL, individually and
BRETT ROYCE, individually

       Plaintiffs,

v.

AMERICAN UNIVERSITY, a
District of Columbia Corporation

       Defendant

_____/

Hon. Deborah A. Batts
Case No. 07-CIV-7748

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2), OR IN THE ALTERNATIVE TO TRANSFER VENUE UNDER 28 U.S.C. §1404 OR §1406**

Ross Weil ("Weil") and Brett Royce ("Royce") (collectively the "Plaintiffs") by and through the undersigned counsel, hereby file this Memorandum of Law In Opposition to Defendant's Motion to Dismiss For Lack of Personal Jurisdiction under Rule 12(b)(2), or in the Alternative to Transfer Venue Under 28 U.S.C. §1404 or §1406 (herein referred to as the "Defendant's Motion") and states in support thereof:

**PRELIMINARY STATEMENT**

This action arose out of the recklessness of American University's publication of the American University Spring Magazine 2007 "Newsletter" which was mailed into the

State of New York. *(Weil's Declaration ¶4 - ¶5 and Declaration of Abbey Silberman Fagin ¶8 ("Fagin's Declaration).* This publication has defamed the Plaintiffs as it imputes homosexual behavior between the Plaintiffs, indicates that Mr. Weil is a member of a non-existent organization, states his false occupation, and indicates that Mr. Weil and Mr. Royce are married. All of the foregoing libelous statements are *libel per se* under New York Law and are sufficient for the claim of defamation under New York Law.

American University falsely portrays the Plaintiffs[1] as being in a relationship with each other[2], falsely indicates Weil's occupation, and indicated that the Plaintiffs currently live together, which is inaccurate. American University recklessly disregarded the truth about the Plaintiffs by publishing this false information and the Defendant should therefore be held liable. There were sufficient <u>warning signs</u> to the Defendant to verify the accuracy of the submission with the Plaintiffs.[3] The Defendant failed to investigate the submission and had a reckless disregard of the truth regarding Mr. Weil and Mr. Royce. As a result, the Plaintiffs are entitled to actual and punitive damages.

With that aside, American University is subject to this Court's jurisdiction, both general jurisdiction under §301 New York Civil Practice Law and Rules ("CPLR") and the Long Arm Statute under CPLR §302(a)(1). American University being subject to the Court's jurisdiction would not violate due process rights under the United States Constitution, as it does not offend "traditional notions of fair play and substantial

---

[1] The gravamen of the complaint is misrepresentations of plaintiffs and not as defendant suggest a critique of one sexual preference.

[2] Ross Weil lives in New York with his girlfriend and is in a committed relationship. In addition, Brett Royce lives in New York with his girlfriend and is in a committed relationship. This publication has caused both Plaintiffs strain on their lives because of the false publication by the Defendant.

[3] It is believed by the Plaintiffs, that the false statements in the Newsletter regarding the Plaintiffs were submitted to the Defendant by a third party and the Defendant failed to check the accuracy of the submission with the Plaintiffs prior to the publication.

justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).  By the substantial and purposeful acts of American University in New York State, and the *prima facie* showing of jurisdiction as set forth herein and in the Complaint; the Defendant should expect to be subject to the jurisdiction of a New York Court.[4]

**POINT I**

**I.    AMERICAN UNIVERSITY IS SUBJECT TO GENERAL JURISDICTION**

American University has significant contacts within the State of New York to subject it to general jurisdiction pursuant to CPLR §301.

**A.    §301. Jurisdiction over persons, party or status.**

A court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore. (See CPLR §301).

It is well settled that under CPLR §301, that New York Courts have focused on a number of facts to determine general jurisdiction including "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and property in the state; and the presence of employees of the foreign defendant in the state." <u>Kingsepp v. Wesleyan University</u>, 763  F.Supp. 22, 27 (S.D.N.Y 1991), citing from <u>Hoffritz for Cutlery, Inc. v. Amajac, Ltd,</u> 763 F.2d 55, 58 (2d Cir. 1985).  "It is well settled that "mere solicitation of business by a foreign corporation in New York is an insufficient basis for the exercise of personal jurisdiction." *See Id.* quoting from <u>Hoffritz for Cutlery, Inc.,</u> 763 F.2d at 59.  However, American University has engaged in more than "mere solicitation" and should be subject to general jurisdiction. When there exists more than mere solicitation, "[t]his theory of jurisdiction has become known as the

---

[4] *The Plaintiffs concede that CPLR §§302(a)(2), 302(a)(3)(i) and 302(a)(3)(ii) are not applicable to the jurisdiction over American University as the foregoing statues clearly excludes the act of defamation.*

"solicitation plus" doctrine. Kingsepp at 27. "Cases which find jurisdiction under the "solicitation plus" doctrine "have involved either financial or commercial dealings in New York, either personally or through an agent." Id. See Asquascutum of London, Inc. v. S.S. American Champion, 426 F.2d 205, 211 (2d Cir. 1970). As shown in the declaration submitted by the Defendant, they are doing more in New York then "mere solicitation" or having isolated contacts. As shown in *"Weil's Declaration* in ¶7, Declaration of Brett Royce¶4 - ¶5 (*"Royce's Declaration"*), Declaration of Scott D. Gootzeit in ¶3 - ¶6 (*"Gootzeit's Declaration"*), Declaration of Jennifer Ondyak in ¶3-¶5 (*"Ondyak's Declaration"*) is sufficient proof American University is doing business in New York to warrant general jurisdiction.

The case of McGowan v. Smith, 52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981) which the Defendant cited in its Motion is different from the case before this Court, as the alleged tort took place in Canada versus in this case, the injuries to the Plaintiffs has primarily taken place in New York. This case at hand is different from the case of Selman v. Harvard Medical School, 494 F.Supp. 603 (D.C.N.Y. 1980), as that defendant was occasionally shipping applications, however this case, there is an ongoing presence of the Defendant in New York. The Defendant has targeted alumni and hosts events with alumni, faculty and current students in New York. The Defendant receives and holds real property in New York. (*See Fagin's Declaration ¶21*) American University has numerous events in the State of New York. The totality of the facts show there is more than sufficient evidence provided by the Plaintiffs herein, for this Court to warrant general jurisdiction over the Defendant.

The contacts are more than mere solicitation or isolated contacts. The Defendant has a presence in New York for jurisdiction purposes under CPLR §301. American University is transacting business in New York State under CPLR §301. As set forth Michael A. Kaufman's Declaration ("*Kaufman's Declaration*") in ¶ 6 and Exhibit "G" of the declaration shows the Defendant's insurance company, Traveler Insurance, is located in Melville, New York. This letter shows the Defendant is transacting other business within the state of New York. As set forth in *Kaufman's Declaration* ¶4 - ¶5 and Exhibit "E" of the declaration show that E.J. Stern and Erin Taylor are agents and/or employees of American University in New York City. American University is continuously and systematically doing business in New York to warrant general jurisdiction under CPLR §301.

"Under CPLR 301, 'the authority of New York Courts [to exercise jurisdiction over a foreign corporation] is based solely upon the fact that the defendant is 'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of its "presence" in the jurisdiction." Laufer v. Ostrow, 55 N.Y.2d 305, 309-310, 434 N.E.2d 692, 694 (1982). The Defendant is targeting former students in New York to interact with current undergraduates at events (see *Weil's Declaration* ¶7, *Royce's Declaration* ¶4, *Ondyak's Declaration* ¶3-5, and *Gootzeit's Declaration* ¶3-¶6..

As indicated on Defendant's webpage they have hosted the following events:

■  On September 29, 2006 at 8:30 a.m. there was a "2006 New York City Breakfast Series: New York Votes" located at the Penn Club of New York, 30 West Forty-Fourth Street, New York, New York. The fee for this event was $30.00.

Page 5 of 16

*(See Kaufman's Declaration, Exhibit "A").*

- On January 10, 2007 at 7:00 p.m., there was an "American University Alumni and Student Reception in NYC" located at McCormick & Schmick's Seafood Restaurant, 1285 Avenue of the Americas at (52nd Street ), New York, New York.

  *(See Kaufman's Declaration, Exhibit "B").*

- On October 10, 2007 at 6:30 – 8:30 p. m., there was an "American University New York City Alumni Happy Hour" event located at the Galway Hooker Club, 7 East 36 Street, (Between 5th Avenue and Madison), New York, New York.

  *(See Kaufman's Declaration, Exhibit "C").*

In addition, American University held or will hold the following Fall 2007 Information Sessions:

- October 13, 2007 at 2:00 p.m. at the Long Island Marriott Hotel & Conference Center, 1010 James Doolittle Boulevard, Uniondale, New York.

- October 17, 2007 at 7:00 p.m. at the Westchester Marriott Tarrytown, 670 White Plains Road, Rochester, New York 14623.

- November 4, 2007 at 2:00 p.m. at the Doubletree Hotel Rochester, 1111 Jefferson Road, Rochester, New York 14623.

  *(See Kaufman's Declaration, Exhibit "D")*

<u>American University held or will hold the following Fall 2007 College Fairs</u>

- October 3, 2007 at the Eastside College Night, East Syracuse-Minoa High School Fair, Syracuse, New York.

- October 11, 2007 at the Suffolk Fall College Fair, Suffolk County Community College, Brookhaven Gym, Long Island, New York.

- October 14, 2007 at the Jewish Students College Fair, Solomon Schecter School of Westchester, Westchester, New York.

- October 15, 2007 at the Southern Westchester College Conference Westchester County Center, Westchester, New York.

- October 16, 2007 at the Northern Westchester College Conference Westchester County Center, Westchester, New York.

- October 25, 2007 at the Rockland County College Night Program, Rockland Community College Field House, Suffern (Rockland County), New York.

- October 26, 2007 at the Multicultural College Fair, Poughkeepsie, New York.

- November 1, 2007 at the Cayuga County Counselors College Night, Auburn High School, Rochester, New York.

   *(See Kaufman's Declaration. Exhibit "D")*

It is clear from the facts and as set forth in the Declarations that American University is doing business in the state of New York.

As the Court stated in <u>Kingsepp v. Wesleyan University</u>:

Page 7 of 16

"Dartmouth is not licensed to do business in New York, it maintains no offices in New York, and it does not list a phone number in New York. Nonetheless, Dartmouth engages in a continuous and systematic course of conduct sufficient to warrant a finding that it is doing business in New York. Dartmouth College actively solicits students in New York by sending representatives to approximately 44 secondary schools in the state a year. Kingsepp v. Wesleyan University, 763 F.Supp.22, 27 (S.D.N.Y. 1991).

As American University continuously looks for donors and new students in the New York area by having alumni and undergraduate parties in the New York area, they are subject to general jurisdiction pursuant to CPLR 301.

**B.    JURISDICTION IS PROPER AS ALLEGED IN PLAINTIFFS' COMPLAINT**

As the Defendant properly cites in its Motion,  "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway."   Klein v. Hong Kong Shangahi Hotels Limited, 2007 WL 1098735 *3 (S.D.N.Y. April 19, 2007) *quoting*, from Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981). However, the Defendant failed to state, "[t]he court may determine the motion on the basis of affidavits alone or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Klein at *3. The Plaintiffs have set forth sufficient allegations of diversity in the Complaint and in this motion for a *prima facie* showing of jurisdictional facts. *See Complaint ¶1-¶3, ¶5, and ¶9* "There is no requirements, in New York pleading practice, that the complaint allege the basis for personal jurisdiction." Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C. v. Lefkowitz, 2002 WL 1969237 (N.Y.Dist.Ct. 2002). See Klein at *3. The

Plaintiffs have sufficiently alleged *prima facie* jurisdiction facts in the complaint and in this motion.

## POINT II

## I.    AMERICAN UNIVERSITY IS SUBJECT TO LONG-ARM JURISDICTION PURSUANT TO CPLR 302(a)(1)

"The requisite contacts may take place by mail or telephone; physical presence in the state is not required." <u>Courtroom Television Network v. Focus Media, Inc.</u> 264 A.D.2d 351, 353, 695 N.Y.S.2d 17, 19 (1st Dept. 1999).    American University has substantial contacts within New York, particularly New York City.    The defamatory publication was sent into New York and the damage has primarily occurred to the Plaintiffs in New York.    The cause of action arises from American University's contacts in the State of New York.

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
1. transacts any business within the state or contracts anywhere to supply goods or services in the state;

See CPLR §302(a)(1)

The Defendant has contracts to provide services to alumni in New York as indicated by the events that have taken place in New York City. (see *Weil's Declaration ¶7, Royce's Declaration ¶4,  Gootzeit's Declaration ¶ 3-¶6., and Kaufman's Declaration Exhibit "A" – "F"*.    Furthermore, the Defendant has chapter leaders located in the New York Metro Area and are considered agents for jurisdictional purposes. See <u>Crouch v. Atlas Van Lines, Inc</u>. 834 F. Supp. 596 (N.D.N.Y 1993) According to Defendant's web page (*See Kaufman's Declaration Exhibit "E"*). E.J. Stern of the Class of 2004 and Erin

Taylor of the class of 2003 represent American University and are agents or employees of the Defendant in New York.

"Addressing the merits, we conclude that New York courts may exercise personal jurisdiction over [American University] for these claims under this State's long-arm jurisdiction statute (see, CPLR 302[a][1]). <u>Montgomery v. Minarcin</u>, 263 A.D.2d 665, 667, 693 N.Y.S.2d. 293, 295 (3rd Dept. 1999). "[W]hile defamation claims are excluded from CPLR 302's tort provision (see, CPLR 302[a][2],[3])), personal jurisdiction over a nondomiciliary defendant in a defamation action has been sustained under CPLR 302(a)(1) where the action arises out of or a defendant's transaction of business in New York." <u>See Id.</u> It is clear from Plaintiffs' and Defendant's declarations submitted thus far to show that American University has engaged in "purposeful activity" within the State of New York as stated above and there is a "substantial relationship" or a "articulable nexus" between the alumni activities, recruitment, Defendant's contacts with New York and the cause of action. Thus the Court should hold Defendant subject to jurisdiction under §302(a)(1).

A. **Subjecting American University to the Court's Jurisdiction will Not Violate Due Process**

American University has "minimum contacts" in New York. The ongoing alumni events, the current President[5] of the Defendant held an event on March 2, 2006 in New York (*Kaufman's Declaration  ¶5 and Exhibit "F"*, the various mailings, the mailing of the Newletter to Mr. Weil, (Weil's Declaration ¶5, the insurance carrier in New York (*Kaufman's Declaration ¶6 and Exhibit "G"*, Defendant's holding real property (*Fagin's*

---

[5] At the time of this event, it appears he was the Interim President of American University. Furthermore, although there is not a year next to March 2nd, it states that it was held on a Thursday. The most recent year that March 2nd fell on was a Thursday was in 2006.

*Declaration ¶21)*, all set forth the "certain minimum contacts" with [New York] that the maintenance of the suit does not offend traditional notion of fair play and substantial justice." See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

"New York courts defines 'transacting business' as purposeful activity – 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws". Best Van Lines v. Wacker, 490 F.3d 239, 246 (2d Cir.) (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37-38 (1967). As set forth above, American University has purposefully availed itself to the jurisdiction as it relates to alumni, current students and donors. "[O]ne transaction in New York is *sufficient (emphasis added)* to invoke jurisdiction, even though the Defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." See Kreutter v. McFadden Oil Change, 71 N.Y.2d 460, 467, 567 N.Y.S.2d 195 (1988). The cause of action in this suit has arisen because the Plaintiffs are both alumni of the Defendant and the Defendants transactions in New York state are with alumni.

American University has "transacted business" under the provision of N.Y. CPLR 302(a)(1) "[u]nder this provision, [P]laintiff[s] must show that [American University] "purposefully availed" [itself] of the privilege of conducting activities within New York such that bringing [American University] before a New York court does not offend due process, and that plaintiff[s'] cause of action "arose out of those activities in New York." Kronisch v. United States, 150 F.3d 112, 130 (C.A.2 (N.Y.) 1998). There have been a number of cases regarding the "purposeful activity" at the highest court. In Keeton v.

Hustler Magazine, Inc., 465 U.S. 770 (U.S.N.H. 1984), it is reasonable that American University will be haled into a New York Court. "A state has a [] special interest in exercising judicial jurisdiction over those who commit torts within its territory. This is because torts involve wrongful conduct which a state seeks to deter, and against which it attempts to afford protection, by providing that a tortfeasor shall be liable for damages which are the proximate result of his tort." Keeton v. Hustlers Magazine, Inc., 465 U.S. 770, 776 (U.S.N.H. 1984) *citing from* Leeper v. Leeper, 114 N.H. 294, 298, 319 A.2d 626, 629 (N.H. 1974) (quoting Restatement (Second) of Conflicts of Laws Section § 36, Comment c (1971). "This interest extends to libel actions brought by a nonresident. False statements of fact harm both the subject of the falsehood *and* the readers of the statement. [New York] may rightly employ its libel laws to discourage the deception of its citizens. There is not constitutional value in the false statements of fact" *Id* at 777 quoting from Gertz v. Robert Welch, Inc., 418 U.S. 323, 340 (U.S.Ill.1974).

    In the case of Calder v. Jones, 1984, 465 U.S. 783, 104 S.Ct. 1482 (U.S.Cal. 1984), a libel case allowed a California Plaintiff to be successful in asserting jurisdiction of publication that was printed in Florida and circulated nationwide. These facts are analogous to the case as the Newsletter was completed in Washington, D.C., printed in Virginia, and sent from Virginia, and the injury primarily occurred in New York to the Plaintiffs. The continuance of this suit in this Court would not violate Due Process.

## POINT III

**I.    THIS ACTION SHOULD NOT BE TRANSFERRED PURSUANT TO 28 U.S.C. §1404 AND/OR 28 U.S.C. §1406 AND THIS ACTION SHOULD REMAIN IN THE SOUTHERN DISTRICT OF NEW YORK.**

28 U.S.C. §1404(a) provides that:

[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought

28 U.S.C. §1406(a) provides that:

[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall, or if it be in the interest of justice, transfer such case to any district or division which it could have been brought.

"It is well established that "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." Eskofot A/S v. E.I. Du Pont De Nemours & Co., 872 F.Supp. 81, 94 (S.D.N.Y. 1995). "The burden of demonstrating the desirability of transfer lies within the moving party" Id. The Defendant has failed to meet that burden. "Consequently, the moving party must make a clear-cut showing that transfer is in the best interest of the litigation." Id at 95 citing from Schieffelin & Co. v. Jack Co., 725 F.Supp. 1314, 1321 (S.D.N.Y. 1989).

The Plaintiffs have properly invoked the jurisdiction of this Court. It would be problematic for the Plaintiffs to litigate in Washington, D.C. as its current counsel is not licensed in the  Federal District Court  (see *Kaufman's Declaration ¶7-¶8)* and does not

have an office in Washington, D.C. as opposed to the Defendant's counsel which have an office in Manhattan. Mr. Weil and Mr. Royce both reside in New York City and it would be a financial hardship to pursue this litigation in Washington, D.C. *(See Weil's Declaration ¶6, Royce's Declaration ¶3,¶5 and ¶6).* Courts use the following nine factors when deciding a motion to transfer venue.

> "Some of the factors for the court to consider in making this decision include: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances."

Eskofot A/S v. E.I. Du Pont De Nemours & Co., 872 F.Supp. 81, 90 (S.D.N.Y.1995).

"As a general matter, plaintiff's choice of forum is given significant weight and will not be disturbed, unless the balance of factors weighs strongly in favor of granting the transfer." Eskofot A/S v. E.I. Du Pont De Nemours & Co., 872 F.Supp. 81, 90 (S.D.N.Y.1995). The amount of documents regarding the proof appears to be minimal as the case is primarily relying on Exhibit "A" of the Complaint. American University is a major institution, which has more "means" than the Plaintiffs. The Defendant has hired a national law firm, which has an office in New York City and in the District of Columbia. Furthermore, as set forth in Defendant's Motion in footnote 1, it appears the Defendant is attempting to change New York precedent, for this reason the matter should stay in a New York Court. Furthermore, Mr. Weil and Mr. Royce are both witnesses to this action and they are located in New York, New York. As such, this particular case should remain in New York and Plaintiffs' choice of forum should not be disturbed.

As this action was properly brought in this jurisdiction and there is jurisdiction of the Defendant, Defendant's Motion to transfer pursuant 28 U.S.C. § 1406(a), and/or 28 U.S.C. § 1406 should be denied.

## CONCLUSION

The Plaintiffs has set forth a *prima facie* case for jurisdiction over the Defendant. If this Court determines that there is no jurisdiction, the Plaintiffs request limited discovery and an evidentiary hearing to prove that American University is subject to jurisdiction in New York under pursuant to CPLR §301 and/or §302.

However, the Plaintiffs have set forth compelling points evidenced by way of declarations by Ross Weil, Brett Royce, Scott Gootzeit, Jennifer Ondyak, Michael A. Kaufman and Defendant's declaration that shows that there are significant contacts to warrant this Court's jurisdiction over the Defendant under CPLR §§301 and/or 302.

Finally, Mr. Weil and Mr. Royce both live in New York, New York and will be required to testify in this matter as little evidence is located elsewhere. This matter was brought in the right venue and should not be disturbed.

**[This space was intentionally left blank]**

**WHEREFORE,** Ross Weil and Brett Royce, respectfully requests this Court deny American University's Motion to Dismiss or in the alternative, transfer venue under 28 U.S.C. §1404 or §1406, and if this Court determines that there is not sufficient proof of jurisdictional contacts, the Plaintiffs request limited discovery to prove jurisdictional contacts and such other and further relief as this Court deems just and proper.

Dated this ___24th___ day of October

Respectfully submitted,

MICHAEL A. KAUFMAN, P.A.

By_____

Michael A. Kaufman (MK-8752)
570 Lexington Avenue, 44th Floor
New York, New York 10022
212-759-1170 Telephone
212-658-9117 Facsimile