Colleen A. Sorrell, Esq.
Charles D. Tobin, Esq. (*pro hac vice*)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
Tel.: (212) 513-3200
Fax: (212) 385-9010
Attorneys for American University

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSS WEIL and BRETT ROYCE,                :
                                          :     Hon. Deborah A. Batts
               Plaintiffs,    :
                                          :     07 Civ. 7748
   - against -                          :
                                          :
AMERICAN UNIVERSITY,                      :
                                          :
               Defendant.     :
------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
UNDER RULE 12(b)(2), OR IN THE ALTERNATIVE
TO TRANSFER VENUE UNDER 28 U.S.C. §1404 or §1406**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    POINT I RULE 12(b)(2) ENTITLES DEFENDANT TO DISMISSAL DUE TO LACK OF PERSONAL JURISDICTION ...................................................................................................1

        A. Pleading Requirements................................................................................1

        B. American University is Not Amenable to General Jurisdiction.................................... 2

        C. American University is Not Amenable to Long-Arm Jurisdiction ............................... 6

        D. Jurisdiction Would Violate Due Process ................................................................... 8

    POINT II IN THE ALTERNATIVE, VENUE MUST BE TRANSFERRED UNDER 28 U.S.C. §1404 OR 28 U.S.C. §1406 ......................................................................................9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aquascutum of London, Inc. v. S.S. American Champion*,
    426 F.2d 205 (1970)..................................................................................................3, 4

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007)................................................................................................6

*Calder v. Jones*,
    465 U.S. 783 (1984)............................................................................................................8

*Chaiken v. VV Publishing Corp.*,
    119 F.3d 1018 (2d Cir. 1997)..........................................................................................8, 9

*City of New York v. CycoNet*,
    383 F. Supp. 2d 526 (S.D.N.Y.2005)..................................................................................8

*Crouch v. Atlas Van Lines, Inc.*,
    834 F. Supp. 596 (N.D.N.Y. 1993)......................................................................................7

*Frene N.V. v. Kmart Corp.*,
    No. 96 Civ. 9585, 1998 WL 427688 (S.D.N.Y. July 29, 1998) ....................................9, 10

*Hanna v. Plumer*,
    380 U.S. 460 (1965)............................................................................................................2

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)............................................................................................................9

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984)............................................................................................................8

*Kingsepp v. Wesleyan University*,
    763 F. Supp. 22 (S.D.N.Y. 1991) .......................................................................................4

*Klein v. Hong Kong Shanghai Hotels, Limited*,
    No. 06 Civ. 377, 2007 WL 1098735 (S.D.N.Y. April 9, 2007).........................................2

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*,
    918 F.2d 1039 (1991)..................................................................................................2, 3, 5

*Rolls-Royce Motors, Inc. v. Charles Schmitt & Co.*,
    657 F. Supp. 1040 (S.D.N.Y. 1987)............................................................................3, 4, 5

*Siverls-Dunham v. Lee*,
   No. 05 Civ. 7518, 2006 WL 3298964 (S.D.N.Y. Nov. 13, 2006) ............................................. 7

*Wiwa v. Royal Dutch Petroleum Co.*,
   226 F.2d 88 (2d Cir. 2000) ........................................................................................................ 5

## STATE CASES

*Cardone v. Jiminy Peak, Inc.*,
   245 A.D.2d 1002, 667 N.Y.S.2d 82 (3d Dep't 1997) ................................................................ 5

*Courtroom Television Network v. Focus Media, Inc.*,
   264 A.D.2d 351, 695 N.Y.S.2d 17 (1st Dep't 1999) (Pl. Memo p. 9) ....................................... 7

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*,
   77 N.Y.2d 28, 563 N.Y.S.2d 739 (1990) .................................................................................. 2

*McGowan v. Smith*,
   52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981) ................................................................................ 2

*Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C. v. Lefkowitz*,
   No. 10767/01, 2002 WL 1969237 (N.Y. Dist.Ct. Nassau Cty. Aug. 15, 2002) ........................ 2

*Talbot v. Johnson Newspaper Corp.*,
   123 A.D.2d 147, 511 N.Y.S.2d 152 (3d Dep't 1987) ............................................................... 7

## FEDERAL STATUTES

28 U.S.C. §1332 ............................................................................................................................ 2

28 U.S.C. §1404 ................................................................................................................. 1, 2, 9, 10

28 U.S.C. §1406 ................................................................................................................. 1, 2, 9, 10

## PRELIMINARY STATEMENT

For Plaintiffs to prevail on this motion, the Court would need to determine that a university submits itself to the jurisdiction of every state where its alumni and prospective students live. Contrary to Plaintiffs' suggestion, however, American University's isolated and occasional interactions with people in New York do not confer general jurisdiction or constitute the transaction of business under long-arm jurisdiction. Rather, this action arose out of the university's lawful publication of a magazine created entirely at its campus in Washington, D.C., mailed to various locations throughout the world from Virginia mailing houses, and created without the involvement of anyone in New York. Therefore, none of the necessary elements are present for this Court to assert personal jurisdiction under CPLR §301 or §302, and the Court should dismiss the action, or at a very minimum, transfer to the District Court in the District of Columbia as provided for by 28 U.S.C. §1404 or §1406.

## ARGUMENT

### POINT I
### RULE 12(b)(2) ENTITLES DEFENDANT TO DISMISSAL DUE TO LACK OF PERSONAL JURISDICTION

While Plaintiffs submit various declarations concerning occasional alumni events in Manhattan over the past three years, these facts simply are insufficient to confer jurisdiction. The Fagin Declarations[1] conclusively establish Plaintiffs cannot plead sufficient facts to warrant the exercise of jurisdiction. Dismissal therefore is warranted, and the additional discovery which Plaintiffs belatedly request is not.

    A.    **Pleading Requirements**

Contrary to Plaintiffs' urging, the Federal Rules, not New York's pleading rules, govern

---

[1] Submitted with this Reply Memorandum is the Second Declaration of Abbey Silberman Fagin, referenced herein as "2d Fagin Decl., ¶__." The first Fagin Declaration was submitted on October 15, 2007.

1

the sufficiency of the Complaint's jurisdictional allegations. (Pl. Memo pp.8-9).[2] A federal plaintiff who seeks to invoke personal jurisdiction must allege facts sufficient to bringing a nondomiciliary within the court's jurisdiction as required under Federal Rule 8(a). *Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1204 (3d ed. 2007); *Hanna v. Plumer*, 380 U.S. 460 (1965). Plaintiffs rely on *Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C. v. Lefkowitz*, No. 10767/01, 2002 WL 1969237 (N.Y. Dist.Ct. Nassau Cty. Aug. 15, 2002), which determined the authority of a Nassau County District Court, not a federal district court, to exercise jurisdiction over a domiciliary from outside of that county. *Klein v. Hong Kong Shanghai Hotels, Ltd.*, No. 06 Civ. 377, 2007 WL 1098735 (S.D.N.Y. April 9, 2007) (Batts, J.), is also unhelpful on this point, as there, this Court determined its subject matter jurisdiction under 28 U.S.C. §1332, not its authority to exercise personal jurisdiction. *Id.* at *3. Plaintiffs should not be relieved from the standards of federal court pleading rules. As their Complaint fails to state a claim for personal jurisdiction, it should be dismissed.

B.   **American University is Not Amenable to General Jurisdiction**

Plaintiffs' hodgepodge of allegations and Web pages attached to their declarations do not support their contention (Pl. Memo pp.3-8) that American University is "doing business" in New York. Under CPLR §301, Plaintiffs must show the University is present in New York systematically, continuously and with a fair measure of permanence. *McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643 (1981); *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33-34, 563 N.Y.S.2d 739, 741 (1990). The test under CPLR §301 is "a simple pragmatic one" that is fact sensitive. *Landoil Resources Corp. v. Alexander &*

---

[2] References to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2), Or in the Alternative to Transfer Venue Under 28 U.S.C. §1404 or §1406 will be cited herein as "Pl. Memo p.___."

2

*Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (1991) (internal quotation omitted). The court therefore analyzes a defendant's connections to the forum state "'not for the sake of contact-counting, but rather for whether such contacts show a continuous, permanent and substantial activity in New York.'" *Id.* (internal citations omitted). Applying the pragmatic standard, American University is not subject to this Court's jurisdiction. As set forth in the Second Fagin Declaration, American University has no bank accounts, no telephone listings and no mailing address within the State of New York; it issues tax-exempt bonds through the District of Columbia Revenue Bond Program; and since at least 2000, it has held no Board of Trustees meetings in the State York. (2d Fagin Decl., ¶¶2-6). In the absence of jurisdictional facts like these that could be relevant to the Court's analysis,[3] Plaintiffs recite a laundry list of American University's isolated alumni activities in New York (Pl. Memo pp.5-7) and urge the Court to engage in the precise "contact-counting" that the precedent proscribes. Notwithstanding the occasional activities reflected in Plaintiffs' declarations, the entire record demonstrate that Plaintiffs cannot satisfy the strict burden they assume by urging a finding of general jurisdiction.

In fact, while Plaintiffs point to the "solicitation plus" doctrine (Pl. Memo pp.3-5), the precedents they cite demonstrate why, here, they have not met the standard. In *Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 212 (2d Cir. 1970), for example, the Second Circuit held under the "solicitation plus" doctrine[4] that jurisdiction is only appropriate where the defendant has had "either some financial or commercial dealings in New York," or the defendant has held "himself out as operating in New York, either personally or through an

---

[3] *See Rolls-Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1050 (S.D.N.Y. 1987) (contrasting situation where jurisdiction was found appropriate, where defendant had maintained a clothing showroom in the state, solicited sales from that showroom, employed two full-time workers in the showroom, and featured a specific business address and telephone number in New York); *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1991) (considering the existence of office, presence of bank accounts, and presence of employees in the New York to analyze jurisdiction).

[4] Plaintiffs concede that mere solicitation is insufficient basis for the exercise of personal jurisdiction over a foreign corporation. (Pl. Memo. p.3).

agent." The Second Circuit reasoned that the freight forwarder could not, consistent with the Constitution, be amenable to suit in every jurisdiction from which it makes substantial shipments, even if it solicits business there. *Id.* at 212.

Plaintiffs also misleadingly rely on a "solicitation plus" analysis, based on facts that simply are not present in this action, which found Dartmouth University amenable to personal jurisdiction in a class action claim against a dozen universities. But while Plaintiffs rely on *Kingsepp v. Wesleyan University*, 763 F.Supp. 22 (S.D.N.Y. 1991), they misleading cite (Pl. Memo. p.8) <u>solely</u> to the part of the decision where the court reviewed Dartmouth's <u>solicitation</u> activities. Plaintiffs here fail to cite or allude in any way to the "plus" essential in the *Kingsepp* court's determination: Dartmouth's significant relationship with the commercial financial community in New York City:

> In addition to this solicitation, Dartmouth has engaged in substantial commercial activity in the state. Dartmouth has a banking relationship with Chase Manhattan Bank that dates back to at least 1982. Since that time, Dartmouth has maintained at least two accounts in Chase, with a balance in one accounts as high as $14,487,051.88 in 1987. Further, from 1982 to 1987, Dartmouth has issued bonds in New York through Goldman Sachs on at least four separate occasions.

*Id.* at 27. Plaintiffs' reliance on *Kingsepp* is therefore inapposite, as American University has none of these financial relationships in New York. (*See* 2d Fagin Decl., ¶¶2-3).

Indeed, the District Courts narrowly construe what activities beyond solicitation constitute sufficient grounds for a finding of general jurisdiction. For example, general jurisdiction was lacking where the defendant (1) spent millions of dollars purchasing cars; (2) spent substantial sums on advertising; (3) had its president make monthly visits; (4) had company representatives; (5) sold numerous cars; (6) held itself out as having a location; and (7) conducted meetings with car brand representatives, all in New York State. *Rolls-Royce Motors,*

4

*Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1045 (S.D.N.Y. 1987). It is clear, then, that occasional visits into the State are not enough to satisfy the "plus" factor to confer jurisdiction upon a non-domiciliary defendant. *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1991); *Cardone v. Jiminy Peak, Inc.*, 245 A.D.2d 1002, 667 N.Y.S.2d 82 (3d Dep't 1997) (finding activities such as the sale of ski-lift tickets in New York, the mailing of promotional literature, and defendant's ownership of land in New York unrelated to plaintiff's injury insufficient to support jurisdiction).

Here, Plaintiffs rely upon declarations (Pl. Memo. pp.4-5) to assert that American University is doing business in New York. However, none of the declarants' statements, either in isolation or combined, provide any indication that American University has a systematic and continuous presence, which is necessary for a finding of general jurisdiction under §301. The letter from a Travelers Insurance office on Long Island (Kaufman Decl., Exhibit G) does not demonstrate in any way that the insurer "has become an agent or division of the company over which the plaintiff seeks to exercise personal jurisdiction[,]" *Landoil*, 918 F.2d at 1046, or that Travelers is "primarily employed by the defendant and not engaged in similar services for other clients[,]" *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.2d 88, 95 (2d Cir. 2000), as is required for jurisdictional analysis. Also irrelevant are Plaintiffs' wild assertions – based on a page that they printed off of the Web – that alumni E.J. Stern and Erin Taylor are "agents and/or employees" of American University (Pl. Memo. p.5; Kaufman Decl., Exhibit E), as the Fagin Declaration unequivocally establishes that American University has no office or employees in the State. (Fagin Decl., ¶18). In addition, the Second Fagin Declaration reflects that local alumni leaders: are volunteers not employees; cannot bind the University to contracts; receive no payment or office space; are in no way employed by the University; provide their own personal contact

information; and are not furnished with an address, telephone or e-mail account by the University. (2d Fagin Decl., ¶11).

Unless all academic institutions that recruit students from New York and keep in touch with alumni here are amenable to general jurisdiction, American University's occasional activity – which the Fagin Declaration attests the University conducts in any state in which its alumni choose to reside (Fagin Decl., ¶19) – does not provide Plaintiffs with a *prima facie* claim for personal jurisdiction under CPLR §301.

C.   **American University is Not Amenable to Long-Arm Jurisdiction**

While purporting to rely on long-arm jurisdiction under CPLR §302(a)(1) for transaction of business (Pl. Memo pp. 9-10), Plaintiffs' actual argument reflects an attempt to assert specific jurisdiction under CPLR §302(a)(3) for an alleged injury caused by actions outside of this state. Yet as Plaintiffs concede (Pl. Memo p.3, n4, p.10), the latter statute expressly excludes defamation causes of action committed outside the state.[5] Additionally, CPLR §302(a)(1) requires that Plaintiffs establish American University "transact" or "contract," and that purposeful business is connected to the cause of action, in the totality of the circumstances. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249-50 (2d Cir. 2007) (long-arm jurisdiction only lies where transaction connected to cause of action alleged). Plaintiffs simply have not demonstrated that American University conducts any activities in this state – let alone "transacts business" or "contracts to supply services" within the meaning of the long-arm statute – in connection with the university magazine, *American*.

The declarations on which Plaintiffs rely contain no nexus to Plaintiffs' cause of action arising out of *American* magazine. The alumni declarants' presence on the American University mailing list for a magazine distributed to alumni and non-alumni (*see* Fagin Decl., ¶8), receipt of

---

[5] CPLR §302(a)(3) explicitly excludes tort actions for defamation of character from acts which may form the basis of jurisdiction.

occasional telephone calls for donations, the University's acts of hosting occasional events in the State, and the existence of a local alumni chapter in New York (2d Fagin Decl., ¶¶7-11), are not sufficiently connected to the publication of *American* magazine to satisfy New York's long-arm statute. *See Siverls-Dunham v. Lee*, No. 05 Civ. 7518, 2006 WL 3298964, *10 (S.D.N.Y. Nov. 13, 2006) (rejecting general and "transacting business" jurisdiction where only evidence was "in vague and conclusory terms"); *Talbot v. Johnson Newspaper Corp.*, 123 A.D.2d 147, 149, 511 N.Y.S.2d 152, 153-54 (3d Dep't 1987) (fining no §302(a)(1) jurisdiction simply based on contact with State, which was merely a link in the chain of events giving rise to cause of action).

Plaintiffs misleadingly cite to a quote from *Courtroom Television Network v. Focus Media, Inc.*, 264 A.D.2d 351, 695 N.Y.S.2d 17 (1st Dep't 1999), (Pl. Memo p. 9), with respect to contacts taking place by mail. However, the very next sentence in this case states that "[t]he key inquiry is whether defendant purposefully availed itself of the benefits of New York's laws," *id.* at 353, 19, and Plaintiffs' recitation omits the court's dispositive finding that the parties were bound by an agreement and "intended the performance of the contract to occur in New York." *Id.* Similarly, Plaintiffs' use of *Crouch v. Atlas Van Lines, Inc.*, 834 F.Supp. 596 (N.D.N.Y. 1993), is severely misplaced, as that court upheld two of the nine causes of action because of the presence in New York of a paid independent contractor who worked for the defendant, driving moving trucks in and out of the state.[6]

*American* is published by American University, produced entirely by employees of the University in Washington, D.C., and printed in and mailed from Virginia. (Fagin Decl., ¶¶3-6). In the absence of the University undertaking the requisite purposeful and qualitative New York

---

[6] Plaintiffs absurdly make the unsupported analogy between Atlas Van Lines and its independent contractors on the one hand, and American University and its local alumni chapter leaders on the other. The local alumni leaders voluntarily serve in that role, receive no payment for their time or office space to conduct any activities, and are in no way employed by the University. (2d Fagin Decl., ¶11).

7

activities in connection with the Plaintiffs' cause of action, personal jurisdiction is lacking. Therefore, the action must be dismissed.

### D. Jurisdiction Would Violate Due Process

Plaintiffs also cannot show how the Court's exercise of personal jurisdiction could comport with constitutional due process standards. "In determining whether minimum contacts exist, the court considers 'the relationship among the defendant, the forum, and the litigation'" and must ensure jurisdiction if exercised would not "offend traditional notions of fair play and substantial justice." *City of New York v. CycoNet*, 383 F.Supp.2d 526, 541 (S.D.N.Y.2005) (internal citation and quotation omitted) (Batts, J.).

Plaintiffs cite the *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984), and *Calder v. Jones*, 465 U.S. 783 (1984), cases in their attempt to point to the purposeful activities of publications. However, both of those cases involved large national, commercial publications with significant sales in every state, including the forum state. By contrast, here, *American* is a free publication, not sold anywhere, sent to alumni wherever they happen to live, with total quarterly circulation of about 97,000. (Fagin Decl., ¶¶3, 10). Furthermore, Plaintiffs' citation to *Keeton* is inappropriate because it addresses due process where two parties are nonresidents, rather than here where a resident is attempting to drag a non-domiciliary corporation into the forum.

In *Chaiken v. VV Publishing Corp.*, 119 F.3d 1018 (2d Cir. 1997), the Second Circuit analyzed the *Keeton* and *Calder* holdings with respect to the exercise of jurisdiction over non-residents in defamation actions. In that decision, the court determined that the defendant's contacts with the forum state were minimal, and thus it could not find there was personal jurisdiction. In that case, in comparison to *Keeton*, the total circulation of the publication containing the alleged defamation at issue was insignificant. Also, unlike in *Calder*, the *Chaiken*

8

defendant did not "'expressly aim' its actions at [the state]." *Id.* at 1029. Therefore, the Second Circuit in *Chaiken* determined that the defendant "did not have sufficient minimum contacts with [the forum state] to justify the exercise of jurisdiction," and even if there had been the necessary minimum contacts, exercising personal jurisdiction "would not comport 'with our traditional conception of fair play and substantial justice.'" *Id.*, citing *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). *Chaiken* thus illustrates that in the Second Circuit, due process is given rigorous application where long-arm jurisdiction is asserted against a nonresident.

In this action, consideration of the relationship among the defendant, the forum, and the litigation compels the conclusion that the exercise jurisdiction of over American University would violate due process. The fact that the magazine eventually reached Plaintiffs in New York state is a fortuitous result of the Plaintiffs' decision to reside here, not American University's decision to target New York residents. Under these circumstances, it would contravene American University's guarantee of due process rights to find personal jurisdiction over the University.

**POINT II**
**IN THE ALTERNATIVE, VENUE MUST BE TRANSFERRED UNDER**
**28 U.S.C. §1404 OR 28 U.S.C. §1406**

If this Court determines that it has personal jurisdiction over American University, the interests of justice and the convenience of the parties and witnesses would be better served if this action were transferred to the United States District Court for the District of Columbia, where Plaintiffs could have brought this lawsuit. The District of Columbia is a more convenient forum for this dispute, and therefore the venue would be better able to serve the interests of justice.

Plaintiff asserts that it "would be problematic for the Plaintiffs to litigate in Washington, D.C. as its current counsel is not licensed in the Federal District Court and does not have an office in Washington, D.C. ..." (Pl. Memo p.13; Kaufman Decl. ¶¶7-8). The bar membership of counsel, however, is simply not relevant to a motion to transfer venue. *Frene N.V. v. Kmart*

*Corp.*, No. 96 Civ. 9585, 1998 WL 427688, at *4 (S.D.N.Y. July 29, 1998). Plaintiffs do not dispute that the District of Columbia would have venue, and that this action could have been brought there. Nor do they dispute that the District of Columbia is where the magazine was published, edited, laid out; where the employees of the University Offices who performed that publishing, editing and layout are located; where the files and materials for the magazine are received and stored; and, thus, where a majority of the evidence and witnesses in this matter reside. Accordingly, should this Court decide not to dismiss the Complaint outright for want of jurisdiction, American University requests that the lawsuit be transferred to the federal court in Washington, D.C.

## CONCLUSION

For the foregoing reasons, American University respectfully requests that this Court enter an Order granting its motion to dismiss under Rule 12(b)(2), or in the alternative transferring venue under 28 U.S.C. §1404 or §1406, and denying Plaintiffs' request for limited discovery and an evidentiary hearing, together with any further relief that the Court deems appropriate.

Dated: October 31, 2007
      New York, New York

                                  HOLLAND & KNIGHT LLP

                                  By: _____
                                  Colleen A. Sorrell
                                  Charles D. Tobin (*pro hac vice*)
                                  195 Broadway
                                  New York, NY 10007
                                  Ph. 212-513-3200
                                  Fx. 212-385-9010
                                  *Attorneys for American University*